Electronically Filed
12/21/2022 11:35 AM
Fourth Judicial District, Ada County
Phil McGrane, Clerk of the Court
By: Della Swank, Deputy Clerk

Gery W. Edson
**GERY W. EDSON, P.A.**
250 South Fifth Street, Suite 820
P. O. Box 448
Boise, ID  83701-0448
Telephone: (208) 345-8700
Fax: (208) 389-9449
Email:  gedson@gedson.com
ID Bar No. 2984
Attorneys for Plaintiffs

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| ADRIAN RITA and JILL PHELAN-RITA, husband and wife, | Case No.  CV01-22-18942 |
| Plaintiffs, | **COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE RELIEF, PUNITIVE DAMAGES AND OTHER RELIEF** |
| vs. | |
| GREENSKY MANAGEMENT COMPANY, LLC, a Georgia Limited Liability Company; GREENSKY, LLC, a Georgia Limited Liability Company; GREENSKY ADMINISTRATIVE SERVICES, LLC, a Georgia Limited Liability Company; and JOHN and JANE DOES 1-5; | |
| Defendant. | |

COME NOW, Adrian Rita and Jill Phelan-Rita, husband and wife, the above-named Plaintiffs (hereinafter "Plaintiffs"), by and through their undersigned attorney Gery W. Edson, and files this Complaint seeking enforcement for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act (FCRA) and for their Complaint, complain and allege as follows:

### JURISDICTION AND VENUE

1.    This is an action arising under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act (FCRA), and   15 U.S.C. § 1592   to obtain monetary civil

Attachment 2

penalties, a permanent injunction, restitution, and other equitable relief for violations of the FDCPA and FCRA, by and against GreenSky Management, LLC; GreenSky, LLC; GreenSky Administrative Services, LLC; and John and Jane Does 1-5; (hereinafter collectively referred to as ("Defendants.").

2.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(m)(1)(A) and 1692*l*.

3.      Venue is property in the Idaho District Court since Defendants conduct business within the state of Idaho.

### PLAINTIFFS

4.      This action is brought by Adrian Rita and Jill Phelan-Rita, husband and wife, residents of Boise, Ada County, Idaho, and are "consumers" within the meaning of FDCPA.

### DEFENDANTS

5.      Defendants, and each of them, at all times relevant to this Complaint, have transacted business in the State of Idaho by offering credit services and consumer financing, including to Plaintiffs.   In 2021 the revenue from Defendants' operations are reported to be in excess of $4.28 billion.

6.      Defendants GreenSky is a "debt collector" as defined in U.S.C. § 1692a(6).

7.      Defendants GreenSky are Georgia Limited Liability Companies with principal places of business located at 5565 Glenridge Connector, Suite 700, Atlanta, Georgia.

### COMMERCE

8.      At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined, including conducting business for pecuniary benefit within the state of Idaho and Ada County in particular.

COMPLAINT FOR CIVIL  PENALTIES, INJUNCTIVE RELIEF, PUNITIVE DAMAGES AND OTHER RELIEF  - Page 2

## COUNT ONE
## DEFENDANTS' BUSINESS PRACTICES

9.      Plaintiffs reassert all of the foregoing paragraphs as if fully set forth herein.

10.     Defendants provide mobile financing applications to merchant vendors throughout the United States, including the State of Idaho.  One such vendor is an entity known as "Cabinets of Boise, LLC, dba Kitchen Tune-Up" operating in Boise, Ada County, Idaho.

11.     Defendants created an account in Plaintiffs' name to finance improvements for home construction of their home in Boise, Ada County, Idaho.

12.     Defendants regularly attempt to collects for such transactions by contacting consumers by telephone, U.S. mail, and other instrumentalities of interest commerce.

13.     In numerous instances, the details of which are outlined in the Declaration of Jill Phelan-Rita filed contemporaneously herewith, Defendants made numerous calls to collect a debt which was disputed and for which Plaintiffs had retained counsel, both of which were known to Defendants.   During each phone call, Plaintiffs stated a desire not to be contacted;  instructed Defendants to contact Plaintiffs' counsel; and notified Defendants the debt was disputed.   In addition, that same information was communicated to GreenSky by Plaintiffs' counsel on October 12, 2021.

14.     Plaintiffs personally informed GreenSkys' agents that they were disputing the debt, that they were represented by counsel and to cease and desist making phone calls to them personally.

15.     Despite such repeated requests to cease and desist by Plaintiffs, GreenSkys' agents made each and every phone call consisting of more than 45 calls which occurred at all hours of the day and night, both and before and after 8:00 am and 9:00 pm local time and after repeated letters to

COMPLAINT FOR CIVIL  PENALTIES, INJUNCTIVE RELIEF, PUNITIVE DAMAGES AND OTHER RELIEF  - Page 3

GreenSky from Plaintiffs' counsel complaining of the continued violations of the FDCPA. *See*

16.    GreenSky continued to call Plaintiffs frequently in an attempt to collect a disputed debt and sent monthly statements to Plaintiffs, even though they were aware the debt was disputed and was the subject of litigation.

17.    In numerous instances, Defendants or their agents who were attempting to collect the debts, represented to Plaintiffs that they would no longer contact them and would take steps to make sure no further phone calls were made. Despite such representations, the harassing phone calls continued for months. Monthly statements (14 in total) continued to be sent to Plaintiffs.

18.    Plaintiffs' counsel made written demand on GreenSky to cease and desist such action and to cease further communication with Plaintiffs with regard to such debt on numerous occasions.

19.    In each instance, Defendants or their agents, continued to make phone calls to annoy, harass, embarrass and abuse Plaintiffs.   Phone calls were made multiple times per day for extended periods of time and at Plaintiffs' places of employment.

20.    The harassing phone calls continued even after Defendants were advised the calls were inconvenient and at work places which did not allow personal calls.

**COUNT TWO**
**DECEPTIVE REPRESENTATIONS ABOUT FUTURE CALLS**

21.    Plaintiffs reassert all of the foregoing paragraphs as if fully set forth herein.

22.    In numerous instances, Defendants represented that they would take steps to prevent the placement of calls given that Plaintiffs disputed the debts, had specifically requested no continued communication and advised that they should direct their communications to Plaintiffs' counsel.

23.    In truth and in fact, Defendants took no such action to prevent placement of the calls

COMPLAINT FOR CIVIL  PENALTIES, INJUNCTIVE RELIEF, PUNITIVE DAMAGES AND OTHER RELIEF - Page 4

or to direct communication to Plaintiffs' counsel and the harassment continued.

24.     Defendants' representations as set forth in the preceding paragraphs were and are false or misleading and constitute deceptive acts or practices under the Act.

## COUNT THREEE
## UNALWFUL FAILURE TO CEASE COMUNICATIONS

25.     Plaintiffs reassert all of the foregoing paragraphs as if fully set forth herein.

26.     15 U.S.C. § 1692c governs communication in connection with a debt generally.  The act prohibits communication with the consumer with respect to a debt if the consumer has notified the debt collector in writing that the consumer refused to pay a debt or that the consumer wishes the debt collector to cease further communication.

27.     Through their counsel, Plaintiffs repeatedly communicated those facts and desires in writing.

28.     The Defendants have continued to communicate with and make demand on Plaintiffs in spite of their having both  written and oral communications disputing the debt, requesting no further communication and such instructions and requests were routinely ignored by Defendants.

29.     The acts described above constitute violations of the FDCPA, constitute unfair and deceptive acts and practices for which Plaintiffs seek an injunction an civil penalties in an amount prescribed by the statute, including, at a minimum, $500,000 or 1% of the Defendants' net worth, which according to public filings is $4.28 billion.

## COUNT FOUR
## FAIR CREDIT REPORTING ACT VIOLATIONS

30.     Plaintiffs reassert all of the foregoing paragraphs as if fully set forth herein.

31.     Defendants were aware that Plaintiffs disputed the debt which is the basis of this suit

COMPLAINT FOR CIVIL  PENALTIES, INJUNCTIVE RELIEF, PUNITIVE DAMAGES AND
OTHER RELIEF  - Page 5

and that litigation was pending against the underlying service provider. In spite of such knowledge, Defendants falsely reported the debt as delinquent and charged off.

32.     The consequence of such false credit reporting against both of Plaintiffs' credit scores dropped to negative status causing adverse credit ratings.

## OTHER VIOLATIONS

33.     At the same time the above-described harassment was being pursued by GreenSky, they had voluntarily entered into a Consent Order with the Consumer Protection Financial Bureau by Order dated July 12, 2021, for violations of consumer protection statute.

## DAMAGES

34.     Plaintiffs should be awarded damages of $1,000 per each violation consisting of 44 phone calls ($44,000); 14 monthly statements ($14,000); adverse economic impacts from negative creditor reporting $50,000 and attorney fees and costs of $10,000.

35.     Plaintiffs have suffered continued trauma and embarrassment as a result of the Defendants' actions and should be awarded punitive damages in the amount of $300,000.

36.     Defendant's actions were taken willfully and without regard to standard business practice.

37.     Repeated notice to the Defendants yielded no cessation in either the improper collection efforts or the false and misleading credit reporting.

38.     Defendants were sanctioned by the CFBP on July 12, 2021, for consumer protection violations.

39.     Punitive damages should be awarded in an amount sufficient to result in a sea change of business practice and compliance with consumer protection laws.

COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE RELIEF, PUNITIVE DAMAGES AND OTHER RELIEF - Page 6

40.    Defendants last consent order imposed a sanction of $9 million for its intentional bad acts. Such penalty was not enough to voluntarily ensure compliance.

41.    Punitive damages, therefor, should be awarded in an amount equal to 10% of Defendants' current net worth, which has been reported to be $4.2 billion.  Consequently, damages should be equal to or greater than $420 million.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests the Court to use its equitable powers to enforce the statute referenced above in the following manner:

1.    Enter judgment against Defendants and in favor or Plaintiffs for each law violation alleged in this Complaint constituting 60 separate violations at $1,000 per violation; and

2.    Enter a permanent injunction to prevent future violations of the FDCPA by Defendants; and

3.    Enter an order requiring Defendants to remove the negative report issued against Plaintiffs' on any credit reporting agencies to which they report; and

4.    Award Plaintiffs' monetary civil penalties for each violation within the past five years preceding the filing of this Complaint of not less than $4,200,000.00; and

5.    Award Plaintiffs' costs and attorney fees for the bringing of this action in a minimum amount of $10,000; and

6.    For punitive damages in an amount of $420,000,000.00; and

7.    Such other and further relief as to this Court may seem just and equitable under the circumstances and in light of the Defendants' repeated and flagrant violations of the

COMPLAINT FOR CIVIL  PENALTIES, INJUNCTIVE RELIEF, PUNITIVE DAMAGES AND OTHER RELIEF - Page 7

Consumer Protection Statutes.

Dated this 20th day of December, 2022.

GERY W. EDSON, P.A.,

By /s/ Gery W. Edson
Attorney for Plaintiffs

STATE OF IDAHO   )
                 )  .ss
COUNTY OF ADA    )

Jill Marie Phelan-Rita, being first duly sworn upon oath, deposes and states:

That she is one of the Plaintiffs in the above caption action, that she has read the foregoing Complaint, knows the contents thereof, and that the facts therein stated are true and correct to the best of her knowledge and belief.

Jill Marie Phelan-Rita

SUBSCRIBED AND SWORN TO before me this ___ day of December, 2022.

Notary Public for the State of Idaho
Residing at Boise, Idaho
My Commission expires: _____

COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE RELIEF, PUNITIVE DAMAGES AND OTHER RELIEF - Page 9